# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ADDIE ROBINSON,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,

    Defendant.

CIVIL ACTION NO.: 2:16-cv-83

## O R D E R

This matter is before the Court on Defendant's Motion to Stay Proceedings, (doc. 20), and the parties' Joint Motion for Extension of Time to Complete Discovery, (doc. 23). After careful consideration and for the reasons set forth below, the Court **GRANTS** Defendant's Motion to Stay and **DENIES AS MOOT** the parties' Joint Motion for Extension of Time, (doc. 23).

## BACKGROUND

Plaintiff filed this action on June 6, 2016, due to Defendant's alleged breach of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). (Doc. 1.) Plaintiff asserts that from March 2013 through the filing of her Complaint, Defendant "made approximately five calls a day, or about three-hundred fifty (350) calls to Plaintiff's cellular telephone number." (Id. at p. 6.) Plaintiff alleges that Defendant used an automatic telephone dialing system ("ATDS") or a pre-recorded or artificial voice in violation of the TCPA to make these calls. (Id.) Additionally, Plaintiff contends that on at least thirty occasions, she "expressly revoked any consent Defendant may have believed it had" to call Plaintiff, but Defendant

continued to call her. (Id. at p. 5.) Defendants filed an answer on July 28, 2016, denying these allegations. (Doc. 12.)

On September 16, 2015, Defendant filed the instant Motion to Stay Proceedings pending a ruling by the D.C. Circuit Court of Appeals in ACA Int'l, et al. v. Fed. Commnc'ns Comm'n, Case No. 15-1211 (D.C. Cir. July 13, 2015). (Doc. 20.) In ACA Int'l, the D.C. Circuit will address, among other things, what type of equipment constitutes an ATDS. Defendant argues that the decision in ACA Int'l will have a binding effect on this Court because the D.C. Circuit has the power to set aside a final Federal Communications Commission ("FCC") ruling as per the Hobbs Act. (Id. at pp. 4–5.) Therefore, the outcome of ACA Int'l "could be dispositive of many if not all of [Plaintiff's] claims in the case" because Plaintiff's requested recovery relies on whether Defendant actually used an ATDS. (Id. at pp. 1–2.) Thus, Defendant avers that staying the case until the resolution of ACA Int'l would promote judicial economy. (Id. at pp. 4–5.) Defendant further argues that continuing with this case despite the pendency of ACA Int'l would cause undue hardship in the discovery process and in trial preparation. (Doc. 24, p. 2.)

In turn, Plaintiff argues that the timing of a future decision by the D.C. Circuit in ACA Int'l is "far too speculative to warrant a stay." (Doc. 21, p. 5.) Although the D.C. Circuit held oral arguments on October 19, 2016, Plaintiff contends that "there is no indication when ACA Int'l may be decided, [and therefore] Defendant is essentially seeking a stay of indeterminate length." (Id.) Furthermore, Plaintiff asserts that the stay would be further extended if the losing party appeals the case to the Supreme Court. (Id.) Additionally, Plaintiff refers to the extreme deference given to the FCC's interpretation of the TCPA, support for the current definition of an ATDS by prior FCC rulings and other district court decisions, as well as the fact that Plaintiff

2

also alleges that Defendant violated the TCPA by using a pre-recorded voice, an issue not up on appeal in ACA Int'l.

## DISCUSSION

This Court, like all district courts, maintains "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In doing so, "the district court must consider its own interests in an orderly disposition of its caseload, and the parties' competing interests in the two actions." Markel Int'l Ins. Co. v. O'Quinn, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008). However, a stay may be warranted where a pending decision in another court would "have a substantial or controlling effect on the claims and issues in the stayed case." Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009).

Under the TCPA, an ATDS is any equipment "which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In July of 2015, the FCC found, among other things, that a piece of equipment has "the requisite capacity to be an autodialer" if it has the potential, but not theoretical capacity to "store and dial telephone numbers . . . to satisfy the statutory definition of 'autodialer.'" In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd 7961, 7974–7975 (2015). However, the July 2015 Ruling does not provide real clarity as to the difference between "potential" and "theoretical" capacity. Thus, the relevant issue up for appeal in ACA Int'l is whether the FCC's treatment of the term "capacity" in defining an ATDS is "arbitrary, capricious, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

In the case at hand, although Plaintiff also sets forth claims that Defendant violated the TCPA by using a prerecorded or artificial voice to call her, these claims are intertwined with the allegations that Defendant used an ATDS to place those calls. Therefore, whether the Defendant actually used an ATDS to call Plaintiff is a threshold issue for liability under the TCPA and for the scope of discovery. While Plaintiff provides a number of cases wherein district courts denied a motion to stay pending ACA Int'l, (doc. 21, pp. 9–10), the Court here finds otherwise. The Court recognizes that staying a case inherently involves some level of prejudice due to the delay in litigation. However, the delay in this case will likely be minimal given that Plaintiff's case is still in its infancy and the D.C. Circuit has already held oral arguments in ACA Int'l. Furthermore, the hardship to Defendant and considerations of judicial economy outweigh the possible prejudice caused by the delay. If the case is not stayed, Defendant must conduct discovery and trial preparation without any certainty regarding the difference between "potential" and "theoretical" capacity under the definition of an ATDS. Furthermore, any Order by this Court issued in reliance on the FCC's July 2015 Ruling may be called into question if the D.C. Circuit overturns the FCC's Ruling. Thus, the Court's interest in issuing a final ruling, undisturbed by the outcome of ACA Int'l, and the undue burden on Defendant outweighs Plaintiff's interest in a prompt judicial resolution of her claims.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Stay Proceedings, (doc. 20), and **DENIES AS MOOT** the parties' Joint Motion for Extension of Time to Complete Discovery in light of the Stay, (doc. 23). Therefore, IT IS HEREBY ORDERED that all proceedings, including discovery, are **STAYED** until further Order of this Court. The parties are relieved of any discovery obligations including any obligations to provide

disclosures under Federal Rule of Civil Procedure 26(a) and any obligations to respond to any discovery requests. The parties are **ORDERED** to apprise the Court within five (5) days of the D.C. Circuit's ruling in ACA Int'l. After such notice, the Court will set this matter down for a scheduling conference.

**SO ORDERED**, this 25th day of October, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA